UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON REDDIX,<br><br>            Petitioner,<br><br>            v.<br><br>UNITED STATES DISTRICT COURT,<br><br>            Respondent. | CASE NO. CV 17-968-RGK (PJW)<br><br>ORDER DISMISSING HABEAS CORPUS PETITION AND DENYING CERTIFICATE OF APPEALABILITY |

    Before the Court is a Petition for Writ of Habeas Corpus, in which Petitioner, who is currently incarcerated in the Los Angeles County Jail, is challenging his January 20, 2017 state conviction. (Petition at 2.) He claims that he is entitled to a pardon based on California Proposition 57 and that his conviction was obtained on the strength of a false police report and perjured testimony. (Petition at 3.) Petitioner acknowledges that he has not filed an appeal or sought review in the California Supreme Court. (Petition at 5.) For the following reasons, the Petition is dismissed without prejudice.

    The Court has a duty to screen habeas corpus petitions before ordering service on a respondent. *See Mayle v. Felix*, 545 U.S. 644, 656 (2005). In doing so, if it plainly appears from the face of a petition that a petitioner is not entitled to relief, the Court can

dismiss the petition at the outset. See Rule 4, Rules Governing § 2254 Cases.

As a matter of comity between state and federal courts, a federal court will generally not address the merits of a habeas corpus petition unless a petitioner has first exhausted his state remedies by presenting his claims to the highest court of the state. 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509, 522 (1982); see also *Cooper v. Neven*, 641 F.3d 322, 326 (9th Cir. 2011). Because Petitioner has not presented his claims to the California Supreme Court, the Petition is unexhausted and subject to dismissal. See *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust.").

Accordingly, the Petition is dismissed without prejudice. Further, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue in this action. See 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

IT IS SO ORDERED

DATED: February 14, 2017

_____
R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

C:\Users\imartine\AppData\Local\Temp\notesC7A056\ORDER.wpd